UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------x

FRANK GATTO,

    Plaintiff,

  -v-                                                                              No. 09 Civ. 983 (LTS)(KNF)

JET BLUE AIRWAYS,

    Defendant .

----------------------------------------------------------x

**MEMORANDUM OPINION AND ORDER**

        Following his receipt of a Notice of Right to Sue letter from the United States Equal Employment Opportunity Commission, plaintiff Frank Gatto ("Gatto" or "Plaintiff"), proceeding pro se, commenced this action on February 4, 2009, asserting retaliation and disparate treatment claims against his former employer, defendant Jet Blue Airways ("Jet Blue" or "Defendant"), pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e ("Title VII"); the New York State Human Rights Law, New York State Executive Law §§ 296-97 ("NYSHRL"); and the New York City Human Rights Law, New York City Administrative Code § 8-107 ("NYCHRL"). The Court has subject matter jurisdiction of the claims arising under federal law pursuant to 28 U.S.C. § 1331 and of the claims arising under state and municipal law pursuant to 28 U.S.C. § 1367.

        Defendant moved to dismiss the complaint for failure to state a claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1] The Court has considered the parties'

---

[1]     Although Defendant titled its memorandum of law in support of the motion, "Defendant's Memorandum of Law in Support of its Motion for Summary Judgment" (docket entry no. 6), it is clear from the text of the memorandum of law itself that Defendant's motion is a motion to dismiss pursuant to Rule 12(b)(6).

submissions thoroughly, including Plaintiff's sur-reply submission. For the following reasons, the complaint is dismissed without prejudice. If Plaintiff wishes to pursue his claims further, he may file an amended complaint as directed in the conclusion of this Memorandum Opinion and Order.

DISCUSSION

In deciding a motion to dismiss a complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "accept as true all factual statements alleged in the complaint and draw reasonable inferences in favor of the non-moving party." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007) (internal citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949. This plausibility standard does not amount to a "probability requirement," but it calls for more than a "sheer possibility that a defendant has acted unlawfully." Id. (internal quotation marks and citation omitted).

Gatto, who resigned voluntarily from Jet Blue Airways in July 2008, alleges that he was "set up to fail" by a supervisor, Rob Howe, who made a "vile statement [to him] about [his] race." File Attached to Complaint, 2, 4. The Court construes this claim as a race-based disparate treatment claim. The four elements necessary to prevail on a disparate treatment claim under Title VII are: (1) the plaintiff is a member of a protected class; (2) he was qualified for the position held; (3) he suffered an adverse employment action; and (4) the circumstances surrounding the action

gave rise to an inference of discrimination.[2] St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 506 (1993); McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). In order to plead adequately a disparate treatment claim and survive Defendant's motion to dismiss, Plaintiff must allege in his pleading facts that would support an inference that Plaintiff suffered an adverse employment action based upon his race.[3] Patane v. Clark, 508 F.3d 106, 112 (2d Cir. 2007). Plaintiff's retaliation claim similarly requires that Plaintiff allege in his pleading facts to support an inference of an adverse employment action. Delgado v. Triborough Bridge and Tunnel Authority, 485 F. Supp. 2d 453, 462 (S.D.N.Y. 2007). Plaintiff has failed to do so.

The "adverse employment action" must be "more disruptive than a mere inconvenience or an alteration of job responsibilities. Instead, a materially adverse change must be of the order of a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or the like." Shapiro v. New York Dep't of Educ., 561 F. Supp. 2d 413, 422 (S.D.N.Y. 2008) (citing Galabya v. New York Bd. of Educ., 202 F.3d 636, 642 (2d Cir. 2000)).[4]

---

[2] The New York State Human Rights Law claim is analyzed according to the identical standards as the Title VII claim. Weinstock v. Columbia Univ., 224 F.3d 33, 42 n.1 (2d Cir. 2000). Although the precise contours of the amended New York City Human Rights Law and its analytical overlap with the familiar Title VII analysis remain unclear, see Zakrzewska v. New School, 574 F.3d 24, 28 (2d Cir. 2009) (certifying to the New York Court of Appeals a question regarding the applicability of an affirmative defense recognized under Title VII to a claim under the NYCHRL), the NYCHRL similarly requires that Plaintiff plead an adverse employment action to state a claim for disparate treatment or retaliation. New York City Administrative Code § 8-107.

[3] The Court assumes without deciding that Plaintiff has alleged adequate facts to satisfy the first two elements.

[4] By contrast, termination, demotions, salary reductions and other materially adverse changes in the terms and conditions of employment will constitute adverse

Negative evaluations without repercussions have similarly been held insufficient. Valentine v. Standard & Poors, 50 F. Supp. 2d 262, 284 (S.D.N.Y. 1999). Plaintiff merely alleges that Howe, his immediate supervisor, exhibited a pattern of behavior toward him that rendered Plaintiff "no longer comfortable working with [Howe]." File Attached to Complaint, 6. Plaintiff also alleges that he received two negative "write-ups" from Howe, although he does not allege that either "write-up" connoted any adverse employment consequences. File Attached to Complaint, 8. Plaintiff's allegations are insufficient to support an inference that he experienced an adverse employment action. Plaintiff has thus failed to state a claim and Defendant's motion to dismiss is granted.

In light of Plaintiff's pro se status and the "liberal amendment policy" embodied by Rule 15 of the Federal Rules of Civil Procedure, Bellikoff v. Eaton Vance Corp., 481 F.3d 110, 118 (2d Cir. 2007), Plaintiff is granted leave to replead and file an amended complaint. Plaintiff is reminded that the amended complaint must contain all of the factual allegations and claims he wishes the Court to consider, including sufficient allegations to allow the Court to draw the reasonable inference that Defendant is liable under the relevant provisions of the law for the misconduct alleged. The amended complaint will replace Plaintiff's original complaint.

## CONCLUSION

Defendant's motion is granted and Plaintiff's complaint is dismissed without prejudice. Plaintiff may file and serve an amended complaint (with a courtesy copy to Chambers) by **February 19, 2010**. If Plaintiff fails to file and serve an amended complaint within the time permitted by the Court, the action will be dismissed with prejudice, without further advance notice to Plaintiff. Plaintiff is directed to contact the Pro Se Office of the Court for procedural assistance.

---

employment actions. Richardson v. New York State Dep't of Corr. Serv., 180 F.3d 426 (2d Cir. 1999).

This Memorandum Opinion and Order resolves docket entry no. 5.

    SO ORDERED.

Dated: New York, New York
       January 13, 2010

                                              LAURA TAYLOR SWAIN
                                              United States District Judge